UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY E. CLAYBAUGH, JR.,            Case No. 10-11423

    Plaintiff,                             Bernard A. Friedman
vs.                                       United States District Judge

COMMISSIONER OF                   Michael Hluchaniuk
SOCIAL SECURITY,                  United States Magistrate Judge

    Defendant.
_____/

## REPORT AND RECOMMENDATION
## MOTION TO DISMISS (Dkt. 8)

### I.     PROCEDURAL HISTORY

Plaintiff filed his complaint for review of the Commissioner's denial of social security disability benefits on April 9, 2010. (Dkt. 1). This matter was referred to the undersigned for report and recommendation by District Judge Bernard A. Friedman. (Dkt. 2). On April 9, 2010, plaintiff also filed a motion to extend the time to file his appeal from a decision by the Commissioner to deny benefits. (Dkt. 4). After service, defendant filed a motion to dismiss the complaint on June 21, 2010. (Dkt. 8). The undersigned denied plaintiff's motion without prejudice, concluding that the issues raised in plaintiff's motion to extend would be reviewed and addressed in the context of defendant's motion to dismiss. (Dkt. 18). Plaintiff filed a response to defendant's motion to dismiss on July 21, 2010,

although he did not address the substance of the motion. (Dkt. 13, 14). This matter is now ready for report and recommendation

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**.

## II. PARTIES' ARGUMENTS

Defendant asserts, with supporting affidavits and documentation, that plaintiff failed to timely file his complaint for review of the Commissioner's decision to deny benefits. (Dkt. 8). According to the evidence presented by the Commissioner, the Appeals Council denied plaintiff's request for review of the Administrative Law Judge's decision on September 17, 2009, which was mailed to plaintiff on that date. (Dkt. 9). In that mailing, plaintiff was informed of his right to appeal to the United Stated District Court within 60 days of that decision, plus five days for mail. *Id*.

According to plaintiff's motion to extend time (Dkt. 4), he attempted to file his appeal in the wrong court. Plaintiff asserts that he tried to file his appeal in state district court and by the time he realized that he filed in the wrong place, the 60 day period had expired. *Id*. Plaintiff does not offer any documentation or evidence regarding his attempt to file his appeal in the wrong court.

## III. ANALYSIS AND CONCLUSIONS

The parties in this case dispute whether plaintiff timely filed his claim of

appeal and whether, under the principles of equitable tolling, the statute of limitations should be extended. Title 42 U.S.C. § 405(g) specifies the following requirements for judicial review: (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision; and (3) filing of the action in an appropriate district court. *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975). Defendant correctly points out that the accompanying regulations explain that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. § 416.1400(a). First, a claimant applies for benefits and receives an initial determination and, if dissatisfied with this determination, the claimant may request reconsideration. Second, if dissatisfied with the reconsidered determination, the claimant may request a hearing before an ALJ. Third, if the claimant is dissatisfied with the ALJ's decision, the claimant must request that the Appeals Council review the decision. Finally, the Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner or it may grant the request for review and issue its own decision, which then becomes the final decision of the Commissioner. The claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the appeals council's action. 20 C.F.R. §§ 416.1400(a)(5); 422.210.

The 60-day time period provided for in § 405(g) is not jurisdictional, but rather, is a statute of limitations. *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975). The Supreme Court has concluded that the application of traditional equitable tolling principles to § 405(g) is "consistent with the overall congressional purpose" of the statute and "nowhere eschewed by Congress." *Bowen v. City of New York*, 476 U.S. 467, 480 (1986). The Sixth Circuit considers five factors when evaluating a claim for equitable tolling:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). This is a fact-specific inquiry and "tolling of the 60-day requirement is justified 'where consistent with congressional intent and called for by the facts of the case.'" *Hyatt v. Heckler*, 807 F.2d 376, 380 (4th Cir. 1986), quoting, *Bowen*, 476 U.S. at 479. "Although the [Commissioner] usually retains the authority to determine tolling, a court may act 'where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Id.*, quoting *Bowen*, 476 U.S. at 480.

There is no dispute that plaintiff's appeal was untimely filed, over four

months past the deadline. Moreover, there is no basis in the record before the Court to apply equitable tolling to plaintiff's claim. While plaintiff alleges that he mistakenly attempted to file his appeal in the wrong court, which might show that he diligently pursued his right to appeal, plaintiff does not offer any evidence to support this allegation. Plaintiff also does not address any of the other five factors relating to equitable tolling. Thus, in the view of the undersigned, defendant's motion to dismiss should be granted.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

|  |  |
|---|---|
| Date: October 19, 2010 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

## CERTIFICATE OF SERVICE

I certify that on October 19, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Susan K. DeClercq, AUSA, and the Commissioner of Social Security</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): <u>Larry E. Claybaugh, Jr., 4568 S. Hwy M-30, Beaverton, MI 48612</u>.

s/Darlene Chubb
Judicial Assistant
(810) 341-7850
darlene_chubb@mied.uscourts.gov
